OPINION of the Court, by
Judge Owsley.
— This suit was brought by the appellant, Jacob Curts, in the court below, to obtain a conveyance to the lot No. 94, in the town of Bardstown. He claims the title through his father Conrad Cürts, who he charges became entitled thereto by settling on the lot in 1782, and making improvements thereon according to the terms of settlement proposed and advertised by David Bard, the then proprietor thereof, through his agent William Bard. He further charges that since Conrad Curts became entitled to the lot, John C. Owings, with full knowledge thereof, has by some means obtained the legal title thereto from David Bard, and by a subsequent transfer conveyed the same to Hill, who he also alleges had previous thereto lull knowledge of Conrad Curts’s claim. *464 He exhibits a deed of conveyance regularly recorded from Conrad Curts, transferring alt his right in the lot to him, and makes David Bard, the unknown heirs of John C. Ovvings, deceased, and Atkinson Hill defendants.
Hill appeared and answered the bill. He sets forth his purchase of the lot, admits he heard before he made the purchase that Curts claimed one half the lot, but the claim he understood was defective* He admits nothing as to Curts’s right, and requires full proof thereof.
Bard and the heirs of Owings being nonresidents, an order of publication a= against absent defendants was had, and the bill as to them taken for confessed.
On a hearing of the eause the court below dismissed the bill with, costs ; from which decree Curts has appealed to this court.
T\yo questions are presented for consideration determination of this case — 1st, Should the court belovk haye decreed a Conveyance from Hill ? And if not, 2d, ought compensation to have been decreed Curts against Bard, or the heirs of Owings ?
That Curts has failed to shew himself entitled to a decree against ii ill, we have no doubt. The answer of Hill puts Curts on the proof of his right, and there is no evidence in the cause by which it is established. Some (4 the witnesses speak of the improvement of the lot and settlement by Curts, but there is no evidence shewing Bard, either by himself or agent, ever agreed to convey lots to such as might settle and improve thereon, as it is proven Curts in the present instance has done.
That Bard proposed terms to settlers, arid agreed to convey to such as might complv therewith, rests solely for establishment on the allegation in Curts’s bill. That allegation is not, as wa3 contended in argument, support, cl by the advertisements of Bard, made exhibits in the bill: for it is clear the bill makes no such exhibits ; and from the record as it now appears we cannot say any such do exist. Thru part of the bill by which it was. endeavored to be maintained that the advertisements were made exhibits, is evidently nothing more than an allegation of the complainant Curts of the terms proposed by Bard. In the absence then of all proof tending to establish the right of Curts, the court pro* petly reiused relief against Hill.
*465 Whether relief should have Been given against the other defendants, is a question of more doubt. We are however of opinion it should not. Those defendants being nonresidents, the circuit court could take jurisdiction against them on the grounds alone of the subject-¿natter in contest being within their jurisdiction. But as Curts has faded to manifest his right to the thing upon which alone the jurisdiction could attach, the court properly refused to grant relief against the absent fendants. 1 he cii cumstance oi the bill being taken for confessed does not aiter the case : for it appears by the hill that the legal t.tie to the land is in Ilill, and as no decree can be made against him, there is consequently nothing upon which the jurisdiction of the court can act So as to authorise a decree against the other defendants. The decree must be affirmed with costs.